MIDDLETON v. TEXAS POWER & LIGHT CO. (No. 5408.)

(Court of Civil Appeals of Texas. Austin. June 7, 1916.)

COURTS ☞99(1) — PREVIOUS DECISIONS IN SAME CASE AS LAW OF THE CASE.

The decision of the Supreme Court on questions certified from the Court of Civil Appeals is the law of the case on its return.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 340; Dec. Dig. ☞99(1).]

Appeal from District Court, McLennan County; Tom L. McCullough, Judge.

On motion for rehearing. Motion granted, former opinion set aside, and judgment of the District Court affirmed.

For former opinion, see 178 S. W. 956. See, also, 185 S. W. 556.

Witt & Saunders and Chas. B. Braun, all of Waco, for appellant. Lawther, Pope & Mays and Homer R. Mitchell, all of Dallas, and Spell & Sanford, of Waco, for appellee.

KEY, C. J. This case involves the constitutionality of the Employers' Liability Act passed by the Thirty-Third Legislature (Acts 33d Leg. c. 179 [Vernon's Sayles' Ann. Civ. St. 1914, art. 5246]). This court held that the act referred to was unconstitutional, and not binding upon an employé who had not accepted its terms and agreed to be bound by it. Middleton v. Texas Power & Light Co., 178 S. W. 956. This court held that the effect of the act referred to is to confer the power upon employers to select which of two materially different laws shall govern in determining the rights of their employés as against them, regardless of the wishes of such employés; and therefore we held that it violated both federal and state constitutional guaranties.

Appellee filed a motion for rehearing and a motion to certify the question decided by this court, and other questions, to the Supreme Court, which latter motion was granted, and the motion for rehearing has been held in abeyance to await the decision of that court. The Supreme Court has decided all the questions certified, and has held that the statute referred to is valid and free from constitutional objection. Middleton v. Texas Power & Light Co., 185 S. W. 556. The decision of that court is the law of the case, and therefore the motion for rehearing is granted, the former judgment of this court is set aside, and the judgment of the district court is affirmed.

Motion granted. Judgment affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes