## WILLIAMS v. WHITE.

### No. 1892.

Court of Civil Appeals of Texas. Waco.

May 20, 1937.

J. C. Lumpkins and J. T. Spencer, both of Waxahachie, for appellant.

A. D. Emerson, of Waxahachie, for appellee.

ALEXANDER, Justice.

On April 22, 1935, Mrs. Millie White executed a written will in which she bequeathed all of her property to her brother, Richard Williams. On April 27th of the same year, she executed another will in which she bequeathed her property to her husband, T. W. White. On May 8, 1935, Richard Williams filed in the probate court an application to probate the will of date April 22d, and citation was duly issued thereon, citing all interested parties to appear at the next term of court to be held on the 20th day of May, 1935. Some time thereafter, T. W. White filed a contest in which it was alleged that the testatrix, by the execution of the will of date April 27th, revoked all prior wills, and he specially prayed that this latter will be admitted to probate as the last will and testament of the testatrix. However, no citation was issued on the application to probate this last will. The probate court found that the testatrix was not possessed of testamentary capacity and refused to probate either of said wills. Upon appeal to the district court, the jury found that the testatrix was of sound mind on April 22d and also on April 27th. On this verdict, the court refused to probate the will of date April 22d, because it was revoked by the subsequent will, and refused to probate the will of April 27th, because no citation had been issued on the application to probate that will, and therefore the

court did not have jurisdiction to probate same. Richard Williams, the proponent of the first will, alone appealed.

Appellant here contends that the verdict of the jury was insufficient to authorize the court to hold that the purported will of April 27th revoked the will of April 22d, because there was no finding that the latter will was executed with the formalities required for the execution of a valid will. We do not think a finding on such issue was necessary to the judgment. Under our statutes, a prior will is revoked "by a subsequent will, codicil or declaration, in writing, executed with like formalities." R.S. art. 8285. The purported will of April 27th contained a provision expressly revoking all prior wills and was otherwise inconsistent with the prior will. If it was executed with the formalities of a will, it revoked the prior will. 44 Tex.Jur. 643. It was in writing and appeared on its face to have been executed by the testatrix by her mark and to have been attested by two witnesses. The evidence was undisputed that it had been executed in the manner and with the formalities required by R.S. art. 8283 for the execution of an original will. But even if the evidence was not sufficient to conclusively establish such facts, it was at least sufficient to raise an issue for the jury. The burden of proof was on the proponent, appellant herein, to prove that the will offered by him for probate had not been revoked. 44 Tex.Jur. 636; R.S. art. 3348; Brackenridge v. Roberts, 114 Tex. 418, 436, 267 S.W. 244, 270 S.W. 1001, par. 4; 6 Texas Law Review, 556. The burden was likewise on appellant to secure a finding that the will offered by him for probate had not been revoked, and on his failure to request the submission of such issue, he waived the same. 41 Tex.Jur. 1070; Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

Appellee, by cross-assignment, complains because the court did not admit to probate the will of date April 27th. We think the trial court properly held that it was without jurisdiction to probate that will because of the lack of citation on the application therefor. Our statutes expressly provide for the issuance and service of citation on an application for the probate of a will, and further provide that no such application shall be acted upon until service is had in the manner provided by law. R.S. arts. 3333, 3338, 3348; 44 Tex.Jur. 900, 901. In the case at bar there was a citation issued and served on the application to probate the will dated April 22d, but none was issued on the application of the contestant to probate the will, dated April 27th. We do not think the notice on the application to probate the first will was sufficient to authorize the probate of the second will. It is readily apparent that heirs or other parties interested in an estate might have no objection to the probating of a particular will, whereas they might seriously object to the probating of an entirely different one. Notice of an attempt to probate the one would be insufficient to give warning of an attempt to probate the other. We recognize the rule that prevails in the administration of estates which permits a contestant to have himself appointed administrator without further notice than that given on the original application, but that right accrues by virtue of the express provisions of the statute. R.S. art. 3372; 13 Tex.Jur. 667. Furthermore, the main object there sought to be accomplished is to subject the estate to administration. The selection of the administrator is only incidental. In a proceeding to probate a will, the main object is to determine whether or not the instrument offered is actually the last will of the deceased. Consequently, if a different will is offered, the object of the proceeding is entirely changed. For this reason, we think a new citation should be issued and served when a contestant attempts to probate a different will from that offered by the original proponent. We overrule the cross assignment of error.

The judgment of the trial court is affirmed.