Howard E. LACOUR, Appellant,

v.

DEVERS CANAL COMPANY et al., Appellees.

and

Joe JANNISE, Appellant,

v.

E. V. BOYT et al., Appellees.

No. 6192.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 8, 1959.

Rehearing Denied Jan. 28, 1959.

Cain, Taylor & Cain, Liberty, for appellant.

Eastham & Williams, Houston, for appellees.

McNEILL, Justice.

The statement of the nature and result of the suits is taken from appellants' brief:

"These two damage suits are, for all practical purposes, identical in nature and have been, by agreement of the parties and order of the trial court, consolidated for the purpose of appeal, since they involve a common law question concerning the jurisdiction of the Court below to try same.

"These two suits were instituted in the Liberty County District Court by individual rice farmers, Howard E. LaCour in one and Joe Jannise in the other, plaintiffs below and appellants here, against Devers Canal Company, a quasi-public water company and utility, and its manager, E. V. Boyt, both in his individual capacity and as a manager and officer, agent, and servant of said company being defendants below and appellees here, seeking relief for damages only for breach of contract to furnish water and for tortious negligence in wilfully and negligently and/or failing to furnish water. Both plaintiffs alleged water contracts entered into with defendants and further alleged a duty to plaintiffs under the law and applicable statutes on the part of defendant, Devers Canal Company, to have furnished plaintiffs sufficient water for their crops, for failure or neglect of which rendered defendants liable to plaintiffs for their alleged damages.

"Defendants filed their plea in abatement to each of plaintiffs' suits, asserting in each suit that the Board of Water Engineers of the State of Texas had primary and exclusive jurisdiction over the subject matter of plaintiffs' suits, and that the District Court of Travis County thereafter had exclusive jurisdiction on an appeal from the decision of the Board of Water Engineers, and plaintiffs failed to allege that they had exhausted their said administrative remedies before filing their suits and invoking the jurisdiction of the Liberty County District Court.

"Upon a hearing on the defendants' pleas in abatement, the trial court sustained same and dismissed plaintiffs' suits for want of jurisdiction."

The only question on this appeal is whether the trial court's action was proper.

Appellees assert that Article 7560, R.S. 1925, controls this question and under this article primary and exclusive jurisdiction over the subject matter of plaintiffs' suits is vested in the State Board of Water Engineers. Appellees contend first, that this Article grants exclusive jurisdiction to the State Board of Water Engineers and the District Court of Travis County, Texas, and, second, if this is not true, that at least the article requires a prior resort to the State Board of Water Engineers under the doctrine of primary administrative jurisdiction. Under the first proposition it is contended that plaintiffs should have exhausted that administrative remedy before the Board, and then sought correction, if needed, in the District Court of Travis County, and under the second proposition that they should have made prior resort to such Board. They cite the article "Timing of Judicial Review" by Wm. I. Marschall, Jr., 33 Texas Law Review and quote therefrom at pp. 701–702 the following:

"The primary jurisdiction doctrine demands that a controversy within the general area of an agency's statutory power be determined initially by the agency, not by the court. The exhaustion doctrine requires that all complaints concerning an initial administrative determination be presented through the remaining administrative channels before judicial relief is sought."

Article 7560, R.S.1925, reads as follows:

"If any person entitled to receive or use water from any canal, ditch, flume, lateral, dam, reservoir * * * shall present to the board his petition in writing, showing that the person, association of persons, corporation, water improvement or irrigation district, owning or controlling such water, has a supply of water not contracted to others and available for his use, and fails or refuses to supply such water to him, or that the price or rental demanded therefor is not reasonable and just, or is discriminatory; or that the

complainant is entitled to receive or use such water, and is willing and able to pay a just and reasonable price therefor, and shall accompany such petition with a deposit of twenty-five dollars, it shall be the duty of the Board to make a preliminary investigation of such complaint and determine whether there is probable ground therefor. If said Board shall determine that no probable ground exists for such complaint, same shall be dismissed, and the deposit may, at the discretion of the Board, be returned to the complainant or paid into the State Treasury."

This Article is first found as Sec. 60 of Chap. 171, p. 358 et seq., of the Acts of the regular session of the 33rd Leg. in 1913, creating the State Board of Water Engineers and establishing certain rules and regulations for water conservation and use. This Sec. 60 was re-enacted without material change by the Legislature in the regular session of 1917, Ch. 88, Sec. 59, and has since remained unchanged.

Appellants contend that Article 7560 is, first, not applicable to them, and, second, that if so, the language of the statute makes it optional whether prior resort thereto need be made. A study of this Article indicates that it was passed for the purpose of allowing any person to petition the Board who does not have a contract for water and is entitled to receive or use water from some public source, if such source "has a supply of water not contracted to others and available for his use," and the one controlling the water fails or refuses to supply him or demands unjust rates. In other words, if a person cannot obtain a share of water available from the one having control of it, he may petition the Board to have his right therein established, including reasonable water rates. But this is not the case before us now. The suits were not brought to establish plaintiffs' rights as riparian owners to a certain water service. They were suits for damages for breach of contract. The petitions alleged agreements by the Canal Company to furnish water at a price agreed upon and that each plaintiff had theretofore been rendered water service by the defendants to his lands. On a plea to the jurisdiction these allegations must be accepted as true. To require a rice farmer, whose land had theretofore been actually served by an irrigation company, on the company's refusal to continue such service during the crop year, to make application to the Board of Water Engineers at Austin for service would in many cases require a futile thing. After an application shall have been made, the Board would need time to investigate and, if it found probable grounds exist, it would be required under Article 7561 to set the application for hearing and give the irrigation company notice of not less than twenty days thereof. A tender crop could perish for lack of water in the meantime. We hold, therefore, that prior resort to the Board of Water Engineers under Article 7560 need not have been made by plaintiffs before bringing the actions involved.

There are few cases which appear to help solve the question before us. The first, relied on by appellees, is McHenry v. Bankers' Trust Co., Tex.Civ.App.1918, 206 S.W. 560, 571. This case involved intervening landowners in a receivership proceeding against an irrigation company in which the receiver had theretofore sold certain assets of the company. The landowners alleged certain water rights for their land and asked the court to fix a reasonable water rate therefor. On this point the court said: " * * * the question of water rates, and the reasonableness thereof, passed out of the case with the disposition of the property under the order of sale referred to * * * and the predicate for determining water rates as against the United Irrigation Company was not laid by the pleadings, in this: It did not appear that any application to the board of water engineers of the state had ever been made by appellants to fix the water rate as against the United Irrigation

Company, and the court sustained the contention of appellees that, without such being shown, no district court could entertain jurisdiction * * *"

The second, relied upon by appellants, is that of McBride v. United Irrigation Company, Tex.Civ.App.1919, 211 S.W. 498, which involved an action for damages and mandamus to compel the company to furnish water for irrigation purposes at a reasonable rate and praying for mandatory injunction to require water to be furnished.

On the point involved, the Court of Civil Appeals (211 S.W. at page 503) said:

"Appellants call attention to the fact that the trial court overruled the exception of appellees to the petition wherein it was contended that it was necessary to allege an application to the board of water engineers as a prerequisite to the right to sue. They contend therefore that there is no issue in the case with respect to that matter. We wish, however, to say that after further consideration of our statutes we conclude that the court was correct in making such ruling, and holding that the court had jurisdiction to hear and determine the issues regardless of whether or not such an application had been made under the statute."

In both the McHenry and McBride cases the Supreme Court refused writs of error. However, since the refusals were prior to June 14, 1927, the language of the opinion in neither case could be said to have been approved by the Supreme Court. (See former Justice Gordon Simpson's article on the effect of refusal of writs in the December, 1949, Texas Bar Journal). Neither party to this appeal has cited the case of Edinburg Irrigation Co. v. Paschen, Tex. Civ.App., 223 S.W. 329, 333. In this case certain landowners brought suit to require the irrigation company to furnish water to irrigate certain tracts of land and prayed for a mandatory writ of injunction therefor. The trial court held in that case that the landowners had a right to have their lands furnished water, heard evidence to fix the water rate to be charged and granted a temporary injunction against the defendant company. The Court of Civil Appeals affirmed, and on the point discussed in the McHenry and McBride cases, its opinion is as follows:

"* * *. It is contended that the court had no authority to grant an injunction upon such terms; that thereby it invaded the rate-making power of the Legislature; and that appellants, as a prerequisite to obtaining relief, would have to go before the board of water engineers to have rates fixed. We find no merit in the contention. To impose such a condition would be to practically deny equitable relief. The appellant having by its contracts with others fixed rates for land similarly situated, the court could require it to comply with its obligation to appellees upon the same terms as to rates."

Writ of error was granted and the judgment of the Court of Civil Appeals was affirmed in an opinion by the Commission of Appeals, 235 S.W. 1088, without comment on the point involved. This seems to be the last holding by an appellate court on the question involved, and we believe it should control us here.

■ But appellees contend that since appellant LaCour alleged as a ground of negligence that the defendants adopted "an arbitrary, capricious and unreasonable water policy" (and other allegations of negligence of similar import) that this would involve highly technical and involved information necessitating the action of the Board. The clause in the petition involved reads:

"(e) In adopting an arbitrary, capricious and unreasonable water policy or decision toward Plaintiff, by refusing him water to grow his one hundred, seventeen (117) acre rice crop, under the then existing circumstances."

We do not think this language, nor that of the other grounds of negligence alleged, require that these suits for damages, nor component parts thereof, must first be urged before the Board. Texas State Federation of Labor v. Brown & Root, Inc., Tex.Civ.App., 246 S.W.2d 938 (2, 3). To require this would simply result in congesting the work of the Board of Water Engineers with multitudinous legal details between individual users and water furnishers—a result not contemplated by the Legislature.

The trial court's judgments are reversed and the cases remanded.