Billy R. STACY et al., Appellants,

v.

BRIDGE CITY INDEPENDENT SCHOOL
DISTRICT et al., Appellees.

No. 6557.

Court of Civil Appeals of Texas.

Beaumont.

May 17, 1962.

Jerry L. Zunker, Orange, for appellants.

Sexton & Owens, Orange, for appellees.

McNEILL, Justice.

From the meager evidence before us, we conclude that Glenn Buffaloe was employed under a written contract of employment by the Bridge City Independent School District of Orange County as coach and teacher for the 1961–62 school term. During October, November and December, 1961, there was considerable friction in the school community over whether Buffaloe should be discharged. Several meetings of the School Board were held on the matter, some of which were attended by patrons of the school. The minutes of the Board of October 19, 1961 show that a resolution was adopted that Mr. Buffaloe "be terminated and dismissed immediately without pay." At a later meeting, November 27, 1961, a motion to pay Mr. Buffaloe the amount due him under his contract was defeated. At Buffaloe's request, a meeting of the Board was held December 1st to give him a hearing in connection with termination of his contract. Later on December 6, 1961, the Board met "to consider Buffaloe's case after the hearing." As a result of this meeting the Board ordered its attorney to notify Mr. Buffaloe's attorney that as a result of the hearing the Board had not changed its position. At a later meeting the Board held on December 26, 1961 motion of the Board was adopted "that Glenn Buffaloe be paid in full according to his contract, less any deductions we are legally required to make. The details of method of payment to be worked out by the attorneys with Board approval."

As a result of this last action of the School Board, the named appellant and several other tax paying patrons within said school district filed this suit in the district court seeking to enjoin the School Board from paying Buffaloe under the order passed December 26, 1961. As basis for the suit, it was alleged that the payment of $5,-662.00, being the balance owing to Buffaloe under his contract, would be payment for services unperformed and unearned, is illegal and contrary to Sec. 51, Art. 3 of the Constitution of Texas, Vernon's Ann.St.

and such action would be an abuse of discretion on the part of said School Board, and would be without any right or authority whatsoever "to make said threatened payment in the proposed amount."

A temporary restraining order was granted without notice and hearing set thereon. Before the date of the hearing Glenn Buffaloe, the discharged teacher, intervened in the suit and asserted that the payment of the balance owing him as provided under said Board's order was legal and should be upheld, and that all relief prayed for by appellants be denied. The School District did not answer the suit nor file brief herein.

Upon the hearing, the trial court refused to grant the temporary injunction and dismissed the suit.

■ Appellants assert two points of error. The first is that since the School Board on December 6, 1961, did not change its former position on the discharge of Buffaloe, this was a final determination by the Board of the matter and it could not be rescinded or revoked at a subsequent meeting, and consequently the order of the Board of Trustees made on December 26, 1961, to pay the balance due Buffaloe on his contract was void. Intervenor asserts that this position was not taken in the trial court but it is now advanced for the first time in this court and should not be considered. We think intervenor's position is correct. The minutes of the various meetings of the Board were introduced in evidence by appellants, including the ones held on December 26th and December 27th, 1961, without restriction or limitation. A case will be tried in the appellate court on the same theory advanced in the trial court. 4 Tex.Jur.2d 242.

■ Even if it is proper to consider appellants' point, we think the School Board still had jurisdiction of the right to pay appellee under his contract, less deductions which are required by law to be made, as provided in its order of December 26, 1961. The record before us fails to indicate whether the State Board of Education has adopted any rules of procedure with reference to appeals under Art. 2654-7, Vernon's Ann.Civ.Tex.St. from decisions of local school boards. The cases relied upon by appellants to sustain their view that the order of the School Board of December 6th, 1961, was a final one, not subject to later change by the Board, are Adkins v. Rogers, Tex.Civ.App., 303 S.W.2d 820 and Weinert Ind. School District v. Ellis, Tex. Civ.App., 52 S.W.2d 370. These cases are clearly distinguishable from the present one. They each involve the action of the County School Board and involve the question of detaching territory from one school district and annexing it to another; and after this is done, at a later meeting attempting to change its order without notice and following the procedure required for annexation in the first instance. It would not be wise to hold that the school board of an independent school district when it once acted upon a matter in the ordinary course of its business affairs, could not reconsider and rescind its action at a later date. We do not attach the same finality to its action in the administration of its affairs as is required in reference to judgments of a court at law.

■ Appellants' second point is that the court abused its discretion in refusing to grant a temporary injunction because it asserts that the payment to intervenor Buffaloe is illegal. It is argued that as intervenor has since his discharge rendered no services as teacher or coach, payment to him by order made by the School Board under date of December 26th would be in violation of Sec. 51, Art. 3, of the State Constitution which prohibits the granting of public moneys to an individual.

We think from the fact that the Board on December 26, 1961, voted to pay Buffaloe the amount due him, less all legal deductions, it concluded that its discharge of Buffaloe was without cause. So to sustain appellants we would be, in effect, holding a school district could violate its contract with

impunity. When a school district makes a contract it should be as much bound by it as a citizen would be bound by a like contract. State v. Elliott, Tex.Civ.App., 212 S.W. 695. If it violates its contract by discharging a teacher without cause during the term of employment, it must pay the damages resulting therefrom. The order of the School Board of December 26, 1961, in the present case recognizes this duty.

The trial court correctly denied the temporary injunction.