F. B. BRADFORD et al., Appellants,

v.

Jesse C. BRADFORD et al., Appellees.

No. 7523.

Court of Civil Appeals of Texas.

Texarkana.

Feb. 18, 1964.

Rehearing Denied March 17, 1964.

W. E. Stone, Stone & Stone, Jacksonville, M. M. Guinn, Rusk, for appellants.

Norman, Rounsaville, Hassell & Spiers, Jacksonville, for appellees.

DAVIS, Justice.

A will contest. George W. Bradford, the testator, was a bachelor Negro school teacher. He died January 14, 1960. On April 20, 1937, he executed a Will that was prepared by B. B. Perkins, an attorney, of Rusk, Texas. In the Will, he revoked all prior Wills. Besides the usual formalities he named each of his kith and kin as beneficiaries under the Will. He named Jesse C. Bradford, a brother, an Independent Executor. The Will was witnessed by B. B. Perkins and Leo W. Tosh.

George W. Bradford had to retire from teaching school in 1948. At that time he was nearly 70 years of age. On May 14, 1955, he executed another Will that was written by Mrs. Morinne T. Perkins, an attorney, of Rusk, Texas, and a sister-in-law of B. B. Perkins. In this Will, he

expressly revoked and annulled all prior wills. He left out several of his kith and kin; the appellants in this case. He named J. C. Bradford (one and the same person as Jesse C. Bradford) and Thomas H. Bradford as Independent Executors. The Will was witnessed by W. R. Whitten and M. B. Elliott. Immediately after the death of George W. Bradford, Jesse C. Bradford filed the 1937 Will for probate. It was admitted to probate on Feb. 10, 1960, and appointing Jesse C. Bradford as Independent Executor, who qualified as such.

On September 14, 1961, J. C. Bradford, being one and the same person as Jesse C. Bradford, and Thomas H. Bradford filed the 1955 Will for probate. The only parties that were cited to appear at the probation of the 1955 Will was "all persons interested in the estate of George W. Bradford". The citation was posted as in other probate proceedings. After the Will was admitted to probate, the contestants filed their exceptions and gave notice of appeal to the District Court of Cherokee County. In the District Court the contestants filed certain special exceptions to the original application of J. C. Bradford and Thomas H. Bradford to probate the 1955 Will on the theory that the order entered February 10, 1960, was res adjudicata, estoppel, that no appeal had been taken therefrom, no writ of certiorari was sought, and that the application was barred by the two year statute of limitation. They contended that the application should be dismissed. They further alleged that the contestants, as well as the devisees in the Will, were the sole and only heirs at law of George W. Bradford, deceased, which made them necessary and indispensable parties in the application to try to probate the 1955 Will. In their answer, they alleged that the 1955 Will was not a valid Will because of George's mental incapacity and undue influence. The special exceptions were overruled and the case was tried before a jury. Only two special issues were submitted. They asked about George W. Bradford's mental capacity, and whether or not the Will was procured through any undue influence exercised upon the testator. The jury answered the special issues that he did have testamentary capacity, and that no one exercised any undue influence. There is ample testimony in the record to support the jury's finding. The contestants excepted and have perfected their appeal. They bring forward six points of error.

By their points 1, 2 and 3 they say: the court erred in not rendering judgment in favor of the contestants and in not holding that the probate of the alleged Will dated May 14, 1955, was barred by the statute of limitation of two years; the court erred in not sustaining the contestants' plea of res adjudicata because the proof showed that the County Court of Cherokee County on February 10, 1960, entered a final order admitting the 1937 Will to probate, thereby finding that such Will had never been revoked, and that it was the last Will of the testator, and such Order, Decree and Judgment not having been appealed, and no writ of certiorari having been prosecuted, it was binding and conclusive upon all persons until it was so set aside; and, the contestants were not made parties to the application to probate the Will dated May 14, 1955, because they were necessary and proper parties.

■ The second Will could be legally probated without the necessity of making individual persons parties to the suit. The Last Will revoked all previous Wills, and since the Last Will was found within the four year period of time, and was timely offered for probate, the County Court had jurisdiction. The last Will was the Will of George W. Bradford, the testator. 57 Am.Jur. 621, Sec. 952; 57 Am.Jur. 629, Sec. 963; Schultz v. Schultz, 60 Am.Dec. 335; 10 Grattan 358; In re Winzenrith's Will, 133 W.Va. 267, 55 S.E.2d 897; Vance v. Upson, 64 Tex. 266; Thomason v. Gwinn, Tex.Civ. App., 184 S.W.2d 542, er. dism.; Willbanks v. Montgomery, Tex.Civ.App., 189 S.W.2d 337, er. dism.; In re Estate of Elliott, 22 Wash.2d 334, 156 P.2d 427, 157 A.L.R.

1335; St. Mary's Orphan Asylum of Texas et al. v. Masterson et al., 57 Tex.Civ.App. 646, 122 S.W. 587; Williams v. White, Tex. Civ.App., 105 S.W.2d 1105, NWH; Heironimus et al. v. Tate et al., Tex.Civ.App., 355 S.W.2d 76, W/R., N.R.E.; Laborde et al. v. First State Bank & Trust Co. of Rio Grande City, Tex.Civ.App., 101 S.W. 2d 389, W/R; Phelps et al. v. Ashton, 30 Tex. 344; 44 T.J. 642, Sec. 99; 9 Ten Year Supp. p. 744, Sec. 99, and 9 Ten Year Supp. Pocket Part 356, Sec. 99; and 1964 Supp. 164, Sec. 99. Sec. 83(b), Texas Probate Code, V.A.T.S.

■ Since the Last Will and Testament of the testator is entitled to be admitted to probate, there can be no necessary and indispensable parties to the probate proceedings. 95 C.J.S. Wills § 362, p. 218. It seems that Sec. 83(b), Probate Code had previously been given such effect. In the cases of Vance v. Upson, supra, and Willbanks v. Montgomery, supra, it was held that a judgment admitting the later instrument to probate automatically sets aside the previous order by which the former instrument had been admitted to probate, where the later instrument revoked all former Wills. Such is true as to Codicils where the Codicil revokes a part of the Will and/or makes additional bequests.

■■ Prior to the present Probate Code an independent administration, according to the law, considered the estate as closed after one year. Jones v. Jimmerson, Tex. Civ.App., 302 S.W.2d 161. Now, an independent administration is not closed at the expiration of one year, nor until the independent executor, or someone interested in the estate, filed the necessary pleadings and asks the county court to declare the administration closed. Secs. 151 and 152, Probate Code. Under Sec. 83(c) of the Probate Code where an administration is pending against an estate and a Will is found and admitted to probate, the administration is revoked, but all acts done by the first administrator prior to the qualification of the Executor, or of the Administrator with the Will annexed, shall be as valid as if no such Will had ever been discovered. There was no proof in this record of the distribution of any of the estate. If such is true, it may result in further litigation. There is an article in Vernon's Revised Civil Statutes, Vol. 9a, beginning on page 223, entitled "History and Commentary, Title 54——, Estates of Decedents" by the Hon. Harvey M. Richey of the Waco Bar. Beginning on page 235 under "Independent Administration" is pointed out that Texas has a more liberal statute than any other jurisdiction. If such is the case, the parties who have received under the prior administration may become necessary parties to a lawsuit to deprive them of that which they have heretofore received. 32 T.J. 13, Sec. 9; 44 T.J.2d 128, Sec. 3.

It does seem that the question of estoppel is applicable to the case at bar. 107 A.L.R. 259.

The points of error are overruled.

■ By their points 4, 5 and 6 appellants say the court erred in excluding certain evidence. They did not bring these errors forward in their motion for a new trial. They take the position that this can be done under Rule 324 Vernon's Annotated Texas Rules of Civil Procedure, amended and became effective Sept. 1, 1962. Such points must be raised in the trial court by a motion for new trial. See Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887; The State of California Department of Mental Hygiene v. Bank of the Southwest National Ass'n et al. (Tex.Sup.Ct.) 354 S.W.2d 576; Stacy et al. v. Bridge City I.S.D., (Ct.Civ. App.) 357 S.W.2d 618, N.W.H.; Towne Industrial Equipment Co. Inc. v. Marmosaic, Inc., (Ct.Civ.App.) 358 S.W.2d 755, N.W.H.; 3 T.J.2d 460, Sec. 184; and 3 T.J.2d 461, Sec. 186. Points of error can be raised by a motion for judgment non obstante veredicto. The points have been waived and are overruled.

The judgment of the trial court is affirmed.