

# THE ATTORNEY GENERAL
# OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

August 28, 1970

Hon. J. W. Edgar
Commissioner of Education
201 East 11th Street
Austin, Texas

Dear Dr. Edgar:

Opinion No. M- 667

Re: Authority of Texas Education
Agency to consider damages as
part of administrative appeal
of a teacher discharged by a
local school district.

By recent letter you have requested an opinion in
regard to the above stated, and we quote from your letter as
follows:

> "As reflected in the enclosed excerpt
> from Minutes of the meeting of the State Board
> of Education on June 6, 1970, the State Board
> has acted to submit to the Office of Attorney
> General the following questions, the answers
> to which will prove helpful in its review of
> an appeal now pending:
>
> 1. Does responsibility or authority exist in
>    the Commissioner of Education or the State
>    Board of Education in a proper appeal, where-
>    in it is decided that a teacher was dismissed
>    from teaching without just cause and without
>    pay prior to termination of his contract, to
>    determine and direct payable as an item of
>    damages moving-expenses incurred and claimed
>    by the teacher in looking for and securing
>    other employment?
>
> 2. Or, in computations relative to the deter-
>    mination of loss of salary as damages and the
>    mitigation thereof, may moving-expense be
>    deducted from total salary earned by the
>    teacher elsewhere from date of dismissal to
>    expiration day of the teacher contract, there-
>    by indirectly to allow moving-expense as an
>    item of damages?"

We answer "No" to both of your questions and will dis-
cuss them together.

The issues of unliquidated damages and penalties are inherently judicial in nature. Foree v. Crown Central Petroleum Corporation, 431 S.W.2d 312, 316 (Tex.Sup. 1968). This decision and others further hold that in the absence of a clear statute, the courts are not ousted from their original primary jurisdiction to determine these issues. Gregg v. Delhi-Taylor Oil Corp., 162 Tex. 26, 344 S.W.2d 411, 415 (1961); State v. Harrington, 407 S.W.2d 467, 474 (Tex.Sup. 1966, cert.den. 386 U.S. 944); Lacour v. Devers Canal Co., 319 S.W.2d 951 (Tex.Civ.App. 1959, error ref., n.r.e.); Attorney General Opinion addressed to the State Board of Education, dated July 16, 1930, holding that damages for breach of contract could not be determined by the state agency under the statutory powers of that agency but such was a question for a court to determine.

We do not find any statutes authorizing either local school boards, the Commissioner of Education or the State Board of Education to consider or award damages to a public school teacher incidental to his teaching contract. The Texas Education Code, Section 21.215 contains certain provisions relative to the discharge of a teacher or the termination of his contract before its expiration and also provides for appeal from the local board of trustees to the Commissioner of Education and the State Board of Education. Further provisions with reference to the powers and duties of the Commissioner of Education and to such appeals are provided in Sections 11.52 and 11.13 of this Code. We find no authority in these Sections of this Code, nor in any other statute, which vests in either local school boards or the Commissioner or the State Board of Education any power to consider or adjudicate damages of any kind incidental to any question arising under a teacher's contract.

Our research fails to disclose either statutory authorization or case law prior to the effective date of the Texas Education Code, September 1, 1969, which recognizes the power of any of the above named school agencies to award damages. Such cases have restricted their consideration to the reinstatement of teachers' contracts and the right of the teacher to receive the compensation contracted for. Rocky Mount I.S.D. v. Jackson, 152 S.W.2d 400 (Tex.Civ.App. 1941, error ref.); Gragg v. Hill, 58 S.W.2d 150 (Tex.Civ.App. 1933, error ref.); and Stacy v. Bridge City I.S.D., 357 S.W.2d 618 (Tex.Civ.App. 1962, no writ).

Clearly, no jurisdictional power to pass upon non-liquidated damages has been granted to either a local school board or to the Commissioner of Education or the State Board of Education. The principles discussed in the case of Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S.W. 556 (1916, opin. of Ct. App. on certified

questions, 188 S.W. 276, aff. 249 U.S. 152), which concerned the award of unliquidated damages fixed by the Legislature under the Workmen's Compensation Act, support our holding.

## S U M M A R Y

Neither the Commissioner of Education nor the State Board of Education has the authority to determine the amount of unliquidated damages on an appeal by a teacher dismissed without cause by a school district.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Melvin E. Corley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Dan Green
Jerry Roberts
James Mabry
Roger Tyler

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant