**Lawrence ALLEN, Appellant,**

v.

**Mrs. Hattie BOLTON, Appellee.**

**No. 294.**

Court of Civil Appeals of Texas.

Corpus Christi.

June 8, 1967.

Rehearing Denied June 29, 1967.

Armond G. Schwartz, Hallettsville, for appellant.

James E. Cross, Yoakum, for appellee.

## OPINION

GREEN, Chief Justice.

This is a suit by appellee Hattie Bolton to remove cloud from two pieces of real property in DeWitt County, Texas. Appel-

lee plead that a general warranty deed by George A. Robinson dated September 21, 1960, purporting to convey said properties to appellant Lawrence Allen, which deed was on record in Vol. 148, page 460, Deed Records of DeWitt County, when the said George A. Robinson owned only a life estate in said lands, constituted a cloud upon her title to said properties. George A. Robinson died during the pendency of the case, and prior to the trial.

Appellant Lawrence Allen filed an answer seeking denial of the relief asked by appellee, and by cross-action prayed that title to the lands involved be quieted in him. The case was tried before the district judge without a jury, and judgment was entered for appellee. Appellant duly excepted and gave notice of appeal. No findings of fact or conclusions of law were filed.

In so far as the interests in the lands involved are concerned, the common source of title is *Stephen Robinson*, who died while a domiciled resident of DeWitt County on about *September 15, 1953*. The conflicting claims of the parties arise out of the probate in the county court of DeWitt County of two separate wills of Stephen Robinson, each of which in separate suits was admitted to probate as the last will and testament of the said testator.

Appellee's claim of title is based upon a will of Stephen Robinson dated *April 25, 1952*, in which a life estate to all of his properties was given to his son Geo. A. Robinson, and upon the death of said son, such property to vest in his niece Hattie Bolton (appellee). Upon appellee's application, due proof having been made as shown by the record, this instrument was admitted to probate as the last will and testament of Stephen Robinson in *Cause No. 3841* in the county court of DeWitt County by judgment dated *October 21, 1953*.

Appellant's claim of title is based on an alleged subsequent will of Stephen Robinson

dated *January 14, 1953,* which provided that all prior wills made by him were revoked, and which left a life estate in all of his properties, real and personal, to his son George A. Robinson, and upon his death, all such properties were to vest in fee simple in testator's cousin Lawrence Allen (appellant) of Temple, Bell County, Texas. Application for the probate of this will as a muniment of title was filed by appellant and George A. Robinson in the county court of DeWitt County, Texas on *February 19, 1963,* cause *No. 4804* in that court. The record from the county clerk's office of the proceedings in that cause were admitted in evidence including the application for probate, sheriff's return on citation by posting notice, sworn testimony of subscribing witness, dated June 26, 1963, the will executed by Stephen Robinson dated *January 14, 1953*, and the judgment signed by George W. Trowell, County Judge, DeWitt County, Texas. This judgment places the date of the hearing as *June 26, 1963,* finds all essentials favorable to the validity of the will and the jurisdiction of the court, finds that good excuse for the delay in filing such will for probate exists and that applicant is not in default, and ordered and decreed that said will of January 14, 1953 be admitted to probate and record as the "Last Will and Testament of the said Stephen Robinson, deceased, also known as Steven Robinson, deceased; that said Last Will and Testament be recorded in the Minutes of this court; that said Will be admitted to probate as a Muniment of Title." By agreement and with consent of the trial court, certified copies were substituted for the originals for the record.

In rebuttal, appellee placed the county clerk and the county judge on the stand for the purpose of establishing by oral testimony that the judgment in the county court Cause *No. 4804* was not signed by the county judge until March 16, 1966.* Appellant's objections that such evidence was inadmissible as constituting a collateral at-

---

* The trial of the present case in district court was on April 4, 1966, and the decree was signed on September 22, 1966.

tack in a trial in the district court upon the judgment of a county court of competent jurisdiction, and that the judgment is the best evidence, and speaks for itself, were overruled, and over appellant's objections and exceptions, the county judge was permitted to be questioned as to when the judgment was signed by him, and to testify that he had only recently, within the past week, signed the order, and that he had not previously signed it because he had to satisfy himself with reference to the will (second will). The county judge then testified that he was satisfied with the second will and that it should be probated, and that he did sign the judgment in cause No. 4804 as of the time of the original hearing.

Appellant bases his appeal on five points of error, as follows:

## "POINTS OF ERROR

"First Point.

THE TRIAL COURT ERRED IN PERMITTING THE PLAINTIFF AND CROSS-DEFENDANT TO GO BEHIND THE JUDGMENT AND COLLATERALLY ATTACK THE JUDGMENT IN PROBATE CAUSE NO. 4804, PROBATING THE WILL OF JANUARY 14, 1953, SUCH BEING THE JUDGMENT OF THE COUNTY COURT OF DE WITT COUNTY, TEXAS, SITTING IN MATTERS OF PROBATE.

"Second Point.

THE TRIAL COURT ERRED IN NOT HOLDING THE WILL OF APRIL 25, 1952 REVOKED BY THE WILL OF JANUARY 14, 1953.

"Third Point.

THE TRIAL COURT ERRED IN DISREGARDING THE FINAL JUDGMENT IN PROBATE CAUSE NO. 4804, ADMITTING TO PROBATE THE LAST WILL AND TESTAMENT OF JANUARY 14, 1953.

"Fourth Point.

THE TRIAL COURT ERRED IN QUIETING TITLE ON THE JUDGMENT OF THE PROBATE COURT IN NO. 3841, ADMITTING TO PROBATE THE WILL OF APRIL 25, 1952, WHICH WAS NOT THE LAST WILL OF TESTATOR.

"Fifth Point.

THE TRIAL COURT ERRED IN DISREGARDING THE DEED FROM GEORGE A. ROBINSON TO LAWRENCE ALLEN, AND IN FAILING TO RECOGNIZE AN INTEREST THEREBY CONVEYED."

Appellee answers these by four counterpoints, as follows:

## "FIRST COUNTER POINT

"THE TRIAL COURT CORRECTLY QUIETED TITLE IN APPELLEE, WHO WAS NOT ATTACKING A JUDGMENT; THE ATTACKER BEING APPELLANT WHO FILED A CROSS-ACTION ATTACKING A PROBATE JUDGMENT OF RECORD MORE THAN 13 YEARS PRIOR TO SUCH DATE.

(In reply to Appellant's First, Second and Third Points)

## "SECOND COUNTER POINT

"TRIAL COURT MAY DISREGARD COLLATERAL ATTACK BROUGHT MORE THAN NINE YEARS AFTER A FINAL JUDGMENT IN PROBATE COURT.

(In reply to Appellant's First, Second and Third Points)

## "THIRD COUNTER POINT

"A JUDGMENT NUNC PRO TUNC MAY NOT BE ENTERED AFTER THREE YEARS AND SEVERAL TERMS OF COURT HAVE PASSED WHEN COURT HAD NOT PREVIOUSLY REACHED A DECISION IN THE MATTER.

(In reply to Appellant's Third Point)

*"FOURTH COUNTER POINT*

"TRIAL COURT CORRECTLY DIS-REGARDED COMMUNITY PROPER-TY QUESTION AS NO PROOF OF EXISTING COMMUNITY ESTATE IN 1889.

(In reply to Appellant's Fifth Point)"

We shall first consider appellant's first four points of error, and appellee's reply points thereto.

It is well established that a probate court has the power to admit to probate a subsequent will or codicil after having probated a former will by an earlier decree, the time for appealing from which has expired. Vance v. Upson, Tex.Sup.Ct., 64 Tex. 266; Bradford v. Bradford, Tex.Civ.App., 377 S.W.2d 747, writ ref. n. r. e. In Vance v. Upson, the Supreme Court, in upholding this jurisdiction, used the following language:

"The fact that the county court, by its decree, had formerly admitted to probate, as the will of the same testator, another paper executed prior to the time the one now offered was executed, interposes no obstacle whatever to the probate of any paper or papers which may be in fact and in law the last will of James Vance.

"The power of a probate court to admit to probate a subsequent will, after the probate of an earlier one, has been considered in many cases, and is too well established to admit of controversy.

\* \* \* \* \* \*

"The proposition that the papers now claimed to be the last will cannot be probated so long as the probate of the earlier will is not revoked is unsound in principle and not sustained by authority.

\* \* \* \* \* \*

"If the papers offered as the will of James Vance revoked all former wills, then it would seem that their probate as

his last will would incidentally have the effect of revoking the former probate, and, if so, the court might so declare whether there was any pleading asking such relief or not. That such is the effect of probating a subsequent will, revoking all others, on the probate of an earlier will is necessarily true and well settled."

The county court of DeWitt County thus had jurisdiction and power to hear and rule on the matters in issue in cause No. 4804.

Appellant's application to probate the will of Stephen Robinson dated January 14, 1953, the second will, was not filed until February 19, 1963, some nine and a half years after testator's death. In this connection, Sec. 73 of the Probate Code, formerly Art. 3326, Rev.Civ.Stats. of Texas, reads:

"No will shall be admitted to probate after the lapse of four years from the death of the testator unless it be shown by proof that the party applying for such probate was not in default in failing to present the same for probate within the four years aforesaid; and in no case shall letters testamentary be issued where a will is admitted to probate after the lapse of four years from the death of the testator."

In the county court judgment in cause No. 4804, the judge expressly found that good excuse for the delay in filing such will for probate existed, and that the applicant was not in default. As will be hereafter discussed, such finding was not subject to collateral attack. Under such circumstances, it is the settled rule in Texas that an instrument shown to qualify may be ordered probated as a muniment of title although the application is filed more than four years after the death of the testator. Pena y Vidaurri's Estate v. Bruni, Tex. Civ.App., 156 S.W. 315, wr. ref.; Eubanks v. Jackson, Tex.Civ.App., 280 S.W. 243, wr. ref.; Lutz v. Howard, Tex.Civ.App., 181 S.

W.2d 869, n. w. h.; Owens v. Felty, Tex. Civ.App., 227 S.W.2d 379, wr. ref.; Winkler v. Craven, Tex.Civ.App., 250 S.W.2d 300, wr. ref.; Fortinberry v. Fortinberry, Tex.Civ.App., 326 S.W.2d 717, wr. ref. n. r. e.

The offer of oral testimony in the trial of a different suit in the district court to prove, contrary to the language of the decree itself, the actual date of the signing of the county court judgment in cause No. 4804 in that court constituted a collateral attack upon such judgment, and the appellant's objections to such testimony should have been sustained. "It is quite clear that on collateral attack, the error complained of must be one which shows a lack of jurisdiction. No matter how erroneous the judgment may be in other respects, it is not void. Even when the complaint of error is aimed at jurisdiction, the error must be a grave one of substance and not formal. It must go to the power to render judgment, and not a mere matter of procedure, the existence of the power and not the manner of exercising it." Prof. Gus M. Hodges, Univ. of Tex. Law School, 41 Texas Law Review 499, pp. 518, 519, Collateral Attacks on Judgments, and authorities cited.

In Lewright v. Manning, Tex.Civ.App., 392 S.W.2d 466, on p. 471, this court through Justice Nye had this to say:

"In order for a collateral attack on a prior judgment to be entertained in a subsequent suit, the lack of jurisdiction must affirmatively appear either on the face of the judgment or in the record. 34 Tex. Jur.2d § 267, § 268 and § 331 (and cases cited therein). A cardinal principle governing the disposition of collateral attacks on judgments is that extrinsic evidence to the record may not be considered and the recitations in the judgment control. Fitch v. Boyer, 51 Tex. 336; Humble Oil & Refining Co. v. Fisher, 152 Tex. 29, 253 S.W.2d 656 (1952); Lawler v. White, 27 Tex. 250 (1863); see also, Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325; 34 Tex.Jur.2d § 332 (and cases cited therein)."

As Prof. Hodges makes clear in his article on Collateral Attacks on Judgments, supra, on pages 527 et seq., evidence extrinsic to the record may not be considered in a collateral attack upon a judgment, and recitations in the judgment control the rest of the record, and when the judgment is regular on its face, and does not affirmatively show lack of jurisdiction of the court to enter same, all presumptions favor the validity of the judgment, and extrinsic evidence is not admissible to show otherwise. See, also, Henn v. City of Amarillo, 157 Tex. 129, 301 S.W.2d 71; Moore v. Wooten, Tex.Com.App., 280 S.W. 742; Burton v. McGuire, Tex.Civ.App., 3 S.W.2d 576, affd. by Sup.Ct., Tex.Com.App., 41 S. W.2d 238; Hedley Independent School District v. Doneghy, Tex.Civ.App., 358 S.W. 2d 724; Cox v. Payne, Tex.Civ.App., 231 S.W.2d 957.

We have shown that the county court of DeWitt County had the power and jurisdiction to entertain the application to probate in cause No. 4804, and the power and jurisdiction to enter its judgment, which on its face established such jurisdiction. Parol evidence to attack the entry of such judgment according to its terms was not properly admitted.

In addition to the above, Rule 329a, Texas Rules of Civil Procedure, as amended in 1957 and 1961, provides:

"Rule 329a. County Court Cases

"If a case or other matter is on trial or in the process of hearing when the term of the county court expires, such trial, hearing or other matter may be proceeded with at the next or any subsequent term of court and no motion or plea shall be considered as waived or overruled, because not acted upon at the term of court at which it was filed, but may be acted upon at any time the judge may fix or at which it may have been postponed or con-

tinued by agreement of the parties with leave of the court. This subdivision is not applicable to original or amended motions for new trial which are governed by Rule 329b. Promulgated by order of July 20, 1954, effective Jan. 1, 1955; and as amended by order of March 19, 1957, effective Sept. 1, 1957, and by order of July 26, 1960, effective Jan. 1, 1961."

See commentary on this rule and 329b, Vol. 3, Vernon's Texas Rules Annotated, p. 634 et seq.

Article V, Sec. 29, of the Texas Constitution, Vernon's Ann.St. provides that the probate court shall be open in term time and vacation for disposition of probate business.

If cause No. 4804 was still in the process of hearing because judgment had not been entered when the term of court expired, the county court could proceed with it, and enter judgment at the next or any subsequent term, or at any other time. Hence, it becomes immaterial whether the judge signed the judgment during the term of the hearing or at a later date.

The record shows that counsel for appellee was fully acquainted with the facts concerning cause No. 4804 in March, 1966, prior to the time he contends the judgment was entered. He contends it was signed not over a week prior to the trial of the district court case. He thus was in a position to make a direct attack on the judgment by way of a motion to reform judgment to show date it was signed, and motion for new trial, or appeal.

Appellant's points one, two, three and four are sustained. It is clear from the record that the district court in entering the judgment for appellee had to ignore the order of the county court in cause No. 4804 in that court. Under the record before us, such order effectively set aside the probate of the first will in county court cause No. 3841, and since no innocent purchasers without notice are involved, vested title

to such properties, as between appellant and appellee, in appellant. We therefore feel required, under the undisputed facts, to reverse the judgment of the trial court, and render judgment for appellant quieting title to the lands involved in appellant.

We have considered appellant's fifth point of error concerning title by virtue of the deed from George A. Robinson, and overrule same. The evidence does not show as a matter of law that the property was the community property of Stephen Robinson and his wife at the time of her death, or that she was living at the time he acquired same, and that George A. Robinson inherited an interest in the property from his mother.

Reversed and rendered.