Larry TOWNSEND, Appellant,

v.

Jack COLLARD and Guardian Title Company, Appellees.

No. 18038.

Court of Civil Appeals of Texas, Fort Worth.

Dec. 28, 1978.

Lane, Ray & Getchell and Dan W. Lane, Fort Worth, for appellant.

Law Offices of William C. Meier and Wallace T. Keller, Euless, for appellees.

## OPINION

SPURLOCK, Justice.

An employee appeals an award of attorney's fees pursuant to a judgment enforcing a covenant not to compete in his employment contract. He claims the trial court erred as a matter of law in making the award pursuant to the attorney's fee provision of the contract because the employer failed to prove the reasonableness of the terms of the covenant.

We affirm.

Larry Townsend prosecutes this appeal without a statement of facts. Appellees state in their brief that Townsend's statements of the nature and facts of the case in his brief are incorrect and incomplete. It appears that Townsend was employed under an employment contract by Guardian Title Company. Although Townsend's original petition states that a copy of the contract is attached as exhibit "A", it does not appear there in the transcript. It does appear in the transcript apparently attached to Guardian's counterclaim. There is no indication in the record this copy was admitted into evidence. In absence of a statement of facts or agreement of the parties, we cannot be certain this was the contract proved.

Both parties state that Townsend was employed by appellees in Johnson and Tarrant counties of Texas. Townsend terminated his employment and accepted employment with a competitor of Guardian. Townsend brought this action seeking rescission of his contract with Guardian, or a declaration that it is unenforceable. Appellees counterclaimed for enforcement of the covenant not to compete. The trial court, based on the jury's answers to special issues, rendered a judgment enjoining Townsend from competing with appellees and awarding appellees attorney's fees. The jury's answers to the special issues are recited in the judgment included in the record. We do not know what the special issues were because the court's charge was not included in the transcript.

Townsend limits his appeal pursuant to Rule 353 * to this point of error: "The trial court erred as a matter of law in awarding attorneys' fees to the employer pursuant to an employment contract containing a restrictive covenant not to compete where the employer failed to prove the reasonableness of the terms of the restrictive covenant in the employment contract."

Appellees claim since this point of error was not raised in Townsend's motion for new trial, he has waived his point of error and has failed to properly preserve it on appeal. Because this case was tried prior to the 1978 amendment to Rule 324 *, a motion for new trial may be required to raise this point on appeal. Townsend filed a motion for new trial which was overruled by operation of law. The only complaint therein relating to attorney's fees is as follows:

"The Court erred in submitting Special Issue Number 23 over the objections of Plaintiff because Defendant did not plead any right of recovery for attorney's fees, and as a matter of law is not entitled to recover any attorney's fees."

Appellees claim Townsend's complaint in his motion for new trial is insufficient to predicate his point on appeal because the complaints differ. Since under our facts inclusion of the point in a motion for new trial is a prerequisite to appeal, it is our opinion that Townsend cannot raise his point of error for the first time on appeal. Also special issue number 23 is not before us because it was not included in the transcript.

The purpose of a motion for new trial is to give the trial judge the opportunity to cure any errors by granting a new trial. Rule 322 * requires that complaints in a motion for new trial be made with sufficient specificity to enable the trial judge to clearly understand what is alleged

---

* All references to Rules are to Tex.R.Civ.P.

as error. He should not have to speculate, but should be directed to the matters upon which he is called to rule.

Townsend's complaint directed the trial court to the pleadings and whether appellees were entitled to recover any fees as a matter of law. In the context of a complaint about the right to attorney's fees, as far as we can determine it without a statement of facts, the complaint, in our opinion directed the judge to determine whether there was any pleading for recovery of attorney's fees and whether any statutory or contractual provision authorized their recovery.

Upon careful consideration of Townsend's point of error, we conclude it presents a no evidence question. He claims there is no evidence of reasonableness of the terms of the covenant not to compete and therefore the court erred as a matter of law in making the award. Had this been his complaint in his motion for new trial, it is our opinion that this would have directed the trial court to review the evidence on attorney's fees. We do not believe Townsend's complaint in his motion directed the trial court to review the evidence, since we have held it directed him only to review the pleadings. Therefore, he cannot raise his point of error for the first time on appeal.

Even if his point had been properly preserved, it would have been overruled. He appeals without a statement of facts. Appellees state in their brief that the statement of the nature of the case and facts in Townsend's brief is incorrect and incomplete. Neither party states that the only evidence on the agreement of the parties is the written contract, assuming it was admitted.

■ It is well settled that where there is no statement of facts, a reviewing court usually presumes there was evidence supporting the judgment. *Thompson v. Republic Acceptance Corporation,* 388 S.W.2d 404 (Tex.1965). Therefore, we must presume there is evidence supporting the award of attorney's fees until the record reveals or the parties agree otherwise. We cannot presume a state of evidence exists

which supports a contention of error. The record must reveal error, if any. *Williamson v. Johnson,* 492 S.W.2d 327 (Tex.Civ. App.—Tyler 1973, no writ).

■ Townsend's position is that a statement of facts is unnecessary. He would have us compare the covenant not to compete with the judgment of the court. He claims because the covenant was not enforced as written, it therefore was unreasonable. We do not agree. The covenant not to compete in the copy of the contract attached to appellee's counterclaim is as follows:

Employee covenants and agrees that if for any reason except the discharge of Employee without due cause, his employment with Employer terminates, he will not, within Two (2) years from the date of cessation or termination of employment, directly or indirectly, engage in or become associated with or employed by any individual, firm, corporation or other organization in competition with Employer in the business of insuring land titles in Tarrant or Johnson Counties, Texas, and further will not, directly or indirectly, for himself or on behalf of any person or business entity, solicit land title insurance business in Tarrant or Johnson Counties, Texas, of any type from any of Employer's customers (determined as of the date of cessation in (sic) employment) for a period of Two (2) years from the date of cessation in (sic) employment.

. . .

Employee covenants and agrees that upon termination of his employment with Employer for any reason, he will not in any way copy or otherwise depart with any information contained in Employer's abstract and title record, title opinions, bookkeeping reports, customer lists and memoranda or materials and that he will not disclose any confidential information contained therein to any third parties whether such information came from Employer's confidential records or from Employee's personal memoranda or memory.

The judgment of the trial court provides in pertinent part:

It is therefore, ORDERED, ADJUDGED and DECREED that effective this date, LARRY TOWNSEND, for a period of two (2) years, from April 23, 1977, until and through April 23, 1979, be enjoined from:

A) With regard to Johnson County:

1. Engaging in direct or indirect competition with the Defendants and Cross-Plaintiffs in the solicitation and sale of title insurance policies in Johnson County, Texas;

2. Contacting any of the customers of GUARDIAN TITLE COMPANY in Johnson County, Texas, concerning the land title insurance business and/or the business and financial affairs of GUARDIAN TITLE COMPANY:

3. Accepting employment from any other company or person engaged in the selling of title insurance policies or in the business in which Defendant and Cross-Plaintiff, GUARDIAN TITLE COMPANY, is engaged in Johnson County, Texas;

4. Having any contact with any agent, servant, or employee of Johnson County Title Company concerning the business or financial affairs of Johnson County Title Company;

5. Having any contact with any customer of GUARDIAN TITLE COMPANY and/or Johnson County Title Company concerning the business or financial affairs of GUARDIAN TITLE COMPANY and/or Johnson County Title Company;

6. Turning over to any person or company in competition with Defendant and Cross-Plaintiff, GUARDIAN TITLE COMPANY, any list of GUARDIAN TITLE COMPANY's customers or information regarding the identity or location of GUARDIAN TITLE COMPANY's customers obtained directly or indirectly from Plaintiff's and Cross-Defendant's, LARRY TOWNSEND, employment with GUARDIAN TITLE COMPANY, or from using any such information to solicit GUARDIAN TITLE COMPANY's customers to discontinue buying title insurance from the GUARDIAN TITLE COMPANY:

7. Soliciting any of GUARDIAN TITLE COMPANY's customers in Johnson County, Texas, to whom Plaintiff and Cross-Defendant, in his employment with GUARDIAN TITLE COMPANY, acquired knowledge of, to discontinue buying title insurance from GUARDIAN TITLE COMPANY:

8. Working in the law offices of Mike Rogers in Cleburne, Texas;

9. Working as an employee of Mike Rogers or any other person who is the owner of a title insurance business in Johnson County, in any capacity that would aid that person or that company in competing for title insurance business in that county;

10. Soliciting title insurance in Johnson County for the benefit of any person or company.

B) With regard to Tarrant County:

1. Accepting any position of employment within the title insurance industry other than the position of real estate closer;

2. Conducting any closing on any real estate transaction other than those referred for closing to Townsend by Jack Rattikin, Jr., President of Rattikin Title Company, Charles Newman, Vice President of Rattikin Title Company, the Rattikin Title Company order department or other Rattikin Title Company closer, all of which closing orders having already been placed with Rattikin Title Company;

3. Being involved in any closing of real property for any individual or firm known to be a customer of Guardian Title Company or Johnson County Title Company by Larry Townsend, Jack Rattikin, Jr., President of Rattikin Title Company, or Charles Newman, Vice President of Rattikin Title Company;

4. Contacting any persons in Tarrant County for the purpose of soliciting title insurance business for any company writing title insurance business in Tarrant County, Texas;

5. Participating in or attending any industry function or related industry function in Tarrant County where purchasers of title insurance or prospective purchasers of title insurance are in attendance;

6. Placing his name in any public media as a person connected in any manner with the title insurance business in Tarrant County, Texas;

7. Discussing with any person the business of GUARDIAN TITLE COMPANY in Tarrant County, Texas;

8. Deal in any manner regarding title insurance on property located in Johnson County, Texas.

Comparing the covenant with the judgment we are of the opinion that the contract was enforced as written except the judgment allowed Townsend to be employed by another title company in Tarrant County only to conduct closings. Since this benefited Townsend he can hardly now allege that this sole variance between the covenant and its enforcement establishes that the covenant was unreasonable. Therefore, even if a statement of facts had revealed the only evidence of the employment contract was the proof of the copy in the transcript we still would have overruled his point of error.

Since appellant's point of error was not properly raised we did not have to consider it. However, we have considered it and it is overruled.

The judgment of the trial court is affirmed.