Warren J. SCHNEIDER, Appellant,

v.

The STATE of Texas, Appellee.

No. 58154.

Court of Criminal Appeals of Texas, Panel No. 1.

Jan. 23, 1980.

Rehearing Denied March 12, 1980.

regarding a pharmacist, it is considered not controlling.

Paul J. Chitwood, Dallas, for appellant.

Henry Wade, Dist. Atty., John H. Hagler, James K. Johnson and Richard G. Worthy, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and W. C. DAVIS, JJ.

## OPINION

DOUGLAS, Judge.

Schneider was convicted of violating the Texas Securities Act by selling an unregistered security.[1] The jury assessed punishment at seven years and a fine of $5,000.

The complainant, William Harrell, testified that, during the early part of August, 1969, he had met with appellant and O. W. Ferguson at the home of a friend in Richardson, to discuss investing in a Peruvian sulphur mining venture.

At that meeting Ferguson discussed the venture in Schneider's presence, and Schneider showed the complainant what he claimed were samples of ore taken from the company's property and which he claimed to be 60% pure.

After further meetings with Ferguson, at which Schneider was not present, the complainant on August 15, 1969, gave Ferguson a check for $5,000, made out to Schneider-Ferguson Company, in return for promissory notes bearing a signature purporting to be Schneider's and for stock certificates, delivered later, bearing a signature purporting to be Schneider's as president of the company, Empresa Azufrera del Peru, S.A., and purporting to represent 2.5% of the ownership rights of that company.

William Otto Higbee testified to an earlier transaction, also involving $5,000 in return for a promissory note and 2.5% interest. Schneider was present during the meeting at which Higbee tendered payment.

Several other investors in the venture testified to similar transactions.

Lou Ann Sartor, an officer of Northwest Commerce Bank, testified that Schneider-Ferguson's account required the signatures of both Schneider and Ferguson to draw funds, and a signature card bearing Schneider's signature was introduced along with records showing the activities of the Schneider-Ferguson account.

By agreement, evidence was introduced that no securities issued by Empresa Azufrera del Peru, S.A., had ever been registered with the State Securities Board.

Appellant now contends the court erred in refusing to quash the indictment

1. Article 581–29 B, V.A.C.S., provides:
"Any person who shall:
" * * *
"B. Sell, offer for sale or delivery, solicit subscriptions to and orders for, dispose of, invite orders for, or who shall deal in any other manner in any security or securities issued after September 6, 1955, unless said security or securities have been registered or granted a permit as provided in Section 7 of this Act, shall be deemed guilty of a felony, and upon conviction thereof shall be sentenced to pay a fine of not more than $5,000 or imprisonment in the penitentiary for not more than 10 years, or by both such fine and imprisonment."
Article 581–4 E, V.A.C.S., defines "sell" as ". . . any act by which a sale is made, and the term 'sale' or 'offer for sale' shall include a subscription, an option for sale, a solicitation of sale, a solicitation of an offer to buy, an attempt to sell, or an offer to sell, *directly or by an agent or salesman*, . . ." (Emphasis supplied)

for including a copy of the security with the word "copy" written upon it, and further contends that the evidence was fatally at variance with the indictment because the security introduced at trial did not have the word "copy" written upon it.

We rejected identical contentions in the appeal of Schneider's co-indictee. *Ferguson v. State*, 572 S.W.2d 521 (Tex.Cr.App.1978). The contentions are without merit.

■ Schneider also contends the proof was insufficient to show tolling of the statute of limitations, and further that the proof of tolling was fatally at variance with the indictment.

The indictment alleged that an indictment had been returned July 19, 1972, and that said indictment had been held invalid on May 29, 1975.

Stipulated evidence revealed that the prior indictment had actually been returned August 7, 1972; no indictment was returned in July of that year.

In *Plessinger v. State*, 536 S.W.2d 380 (Tex.Cr.App.1976), we said:

"The object of the doctrine of variance between allegations of an indictment is to avoid surprise, *Worsham v. State*, 56 Tex. Cr.R. 253, 120 S.W. 439 (1909), and for such variance to be material it must be such as to mislead the party to his prejudice. *Castro v. State*, 124 Tex.Cr.R. 13, 60 S.W.2d 211 (1933); *Thurmon v. State*, 145 Tex.Cr.R. 279, 167 S.W.2d 528 (1942)."

In the instant case, no showing of surprise or prejudice has been attempted. We hold that the variance is not material.

The jury was instructed that, in order to find appellant guilty, they would have to find that the sale, if any, of the security occurred after August 9, 1969, thus limiting the definition of "on or about" to the period shown by the stipulated evidence not to be barred by limitations.

■ Appellant next contends that the admission of the reverse side of State's exhibit No. 9, a check from complainant payable to Schneider-Ferguson Company, was reversible error because no proper predicate had been laid to show that the check was, as it purported on its reverse to be, endorsed by Ferguson for deposit to Schneider-Ferguson.

The check showed upon its face that it had been honored. The complainant testified that he had given it to Ferguson and had made Schneider-Ferguson the payee at Ferguson's request. Schneider-Ferguson's bank records, including copies of microfilm copies of checks deposited, were introduced. We perceive no reversible error in permitting the introduction of the reverse of State's exhibit No. 9.

■ Appellant contends the court erred in permitting the jury to separate after the reading of the charge without the permission of appellant.

The record shows that appellant's counsel waived objection to jury separation but is silent as to appellant.

■ Absent a showing to the contrary in the record, we will presume the regularity of the proceedings. *Green v. State*, 510 S.W.2d 919 (Tex.Cr.App.1974). Appellant's allegations upon motions for new trial are not self-proving, *Vaughn v. State*, 456 S.W.2d 141 (Tex.Cr.App.1970). Neither may we consider the testimony adduced at the hearings held upon that motion almost a year after the motion had been overruled as a matter of law, as appellant points out in his brief. Article 40.05, V.A.C.C.P.; *Boykin v. State*, 516 S.W.2d 946 (Tex.Cr.App. 1975).

■ Schneider next contends that the court erred in admitting testimony about representations made by Ferguson while Schneider was not present.

The court instructed the jury that:

" . . . with regard to each count of the indictment that testimony and evidence of certain transactions and conversations between third parties and Oliver Wendell Ferguson and outside the presence of the defendant, Warren J. Schneider were admitted. You are not to consider for any purpose said testimony and evidence of such transactions and conversations outside the presence of the defendant Warren J. Schneider, unless

you believe beyond a reasonable doubt, that at the time and place such transactions and conversations took place, that the said Oliver Wendell Ferguson was then and there acting as the agent of the defendant Warren J. Schneider."

and that

"The term agent means one who acts for or in place of another by authority from the other. The mere declarations of an alleged agent, standing alone, with nothing more, are incompetent to establish either the existence of the alleged agency or the scope or extent of the alleged agent's authority."

Evidence presented, including the acquiescence of Schneider to representations made by Ferguson in his presence, the nature of the Schneider-Ferguson account, and representations by Schneider himself, was sufficient to permit the jury to find that Ferguson acted as Schneider's agent. Because "sell" includes acts by an agent, proof of Ferguson's acts and representations as Schneider's agent were proper to show that the transactions occurred. The representations were admitted, not for their truth (for many of them were shown to be false by the evidence presented), but to show that the sale of the securities took place, and that misrepresentations were made in the offer of the security, as charged in the third count of the indictment,[2] and as such were not hearsay.

Furthermore, even if the representations had been hearsay, the same evidence which tends to show that Ferguson was Schneider's agent, combined with the evidence that the securities were unregistered, show that Schneider and Ferguson were co-conspirators, and render Ferguson's representations admissible as statements of a co-conspirator in furtherance of the conspiracy. *Lapp v. State*, 519 S.W.2d 443 (Tex.Cr. App.1975).

Appellant contends finally that the court erred in refusing to charge the jury on circumstantial evidence.

The evidence of the sale was direct evidence. Although some of the evidence showing agency was circumstantial, appellant's repeated tacit admission when Ferguson, in Schneider's presence, purported to represent a company, Schneider-Ferguson, of which Schneider was represented to be president, present circumstances so close to the main fact to be proved as to constitute the equivalent of direct evidence. Appellant's tacit admission made a charge on circumstantial evidence unnecessary.

No error is shown. The judgment is affirmed.

---

**2.** The third count charged Schneider with a violation of Article 581–29C, V.A.C.S., which provides:

"Any person who shall:

" *   *   *

"C. In connection with the sale, offering for sale or delivery of, the purchase, offer to purchase, invitation of offers to purchase, invitations of offers to sell, or dealing in any other manner in any security or securities, whether or not the transaction or security is exempt under Section 5 or 6 of this Act, directly or indirectly (1) engage in any fraud or fraudulent practice, or (2) employ any device, scheme, or artifice to defraud, or (3) knowingly make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, or (4) engage in any act, practice or course of business which operates or will operate as a fraud or deceit upon any person, is guilty of a felony and upon conviction shall be imprisoned for not more than 10 years, or fined not more than $5,000, or both."