**Ex parte Kenneth Wayne STACEY.**

No. 05–84–00369–CR.

Court of Appeals of Texas, Dallas.

Oct. 31, 1984.

**349**

Bruce Anton, Dallas, for appellant.

Henry Wade, Dist. Atty., Tom Streeter, Asst. Dist. Atty., Dallas, for appellee.

SPARLING, Justice.

We grant the State's motion for rehearing in this cause. The panel opinion dated May 31, 1984, is withdrawn and replaced with this opinion by the court sitting en banc.

Appellant Stacey appeals a judgment denying his application for writ of habeas corpus and remanding him to the custody of the sheriff for extradition to Alabama. Appellant contends, *inter alia,* that since the judge did not enter a referral order, the habeas corpus hearing improperly was held before a magistrate, and that the evidence is insufficient to sustain a judgment of extradition. A preliminary issue is whether there is a presumption that the trial judge heard evidence pertaining to extradition. If so, the issue of the propriety of the magistrate's hearing is rendered moot. We hold that such a presumption exists and that the evidence is sufficient. Accordingly, we affirm.

Although the record contains a transcription of a "writ of habeas corpus" hearing held before a magistrate, the judgment, signed by Judge Ron Chapman, states in pertinent part:

On this, the 14th day of March, A.D., 1984, came on to be heard the application for the Writ of Habeas Corpus against Kenneth Wayne Stacey, and ... *I proceeded to hear said application* and after having examined the Writ ... and all papers and documents attached thereto, and *having heard the testimony offered on both sides, I am of the opinion* that the said Kenneth Wayne Stacey is legally held in custody.... (Emphasis added.)

We are bound by the record made in the trial court, *Evans v. State,* 622 S.W.2d 866, 868 (Tex.Crim.App.1981), and, absent a showing to the contrary, we presume that the recitations in the judgment are correct. *Thompson v. State,* 641 S.W.2d 920, 921 (Tex.Crim.App.1982); *Miller v. Hood,* 536 S.W.2d 278, 285 (Tex.Civ.App.1976, writ ref'd n.r.e.); *Dorfman v. Dorfman,* 457 S.W.2d 417, 421 (Tex.Civ.App.—Texarkana 1970, no writ). As the Court of Criminal Appeals stressed in *Kelley v. State,* 676 S.W.2d 104 (Tex.Crim.App.1984), every presumption is to be indulged in favor of regularity of the proceedings and documents in the trial court. *See Schneider v. State,* 594 S.W.2d 415, 418 (Tex.Crim.App.1980); *McCloud v. State,* 527 S.W.2d 885, 887 (Tex.Crim.App.1975); *Green v. State,* 510 S.W.2d 919, 921 (Tex.Crim.App.1974); *Martinez v. State,* 504 S.W.2d 897, 899 (Tex.Crim.App.1974); *Scates v. State,* 161 Tex. Cr.R. 114, 274 S.W.2d 833, 834 (1955). The burden is on appellant to overcome the presumption that the judgment is correct. *Tennison v. State,* 168 Tex.Cr.R. 354, 327 S.W.2d 575, 576 (1959); *Ex parte Clark,* 164 Tex.Cr.R. 385, 299 S.W.2d 128, 129 (1957); *Travelers Insurance Co. v. Brown,* 402 S.W.2d 500, 504 (Tex.1966); *Jones v. State,* 644 S.W.2d 546, 549 (Tex.App.—Dallas 1982) (en banc), *pet. ref'd,* 646 S.W.2d 449 (Tex.Crim.App.1983); *Taylor v. American Emery Wheel Works,* 480 S.W.2d 26, 30 (Tex.Civ.App.—Corpus Christi 1972, no writ); *Holliday v. Holliday,* 453 S.W.2d 512, 514 (Tex.Civ.App.—Corpus Christi 1970, no writ).

Thus, we cannot address appellant's arguments that the magistrate lacked jurisdiction to hear the writ and that there was no order of referral[1] because the

---

1. This court, sitting en banc, granted the State's motion to supplement the record with an Order of Referral. This order, signed by the trial judge and entered in the court's minutes, purports to act as a blanket referral order required by TEX.REV.CIV.STAT.ANN. art. 1918c § 4(c)

judgment unequivocally states that the judge heard the evidence, and, absent evidence in rebuttal, we cannot infer otherwise. When a judgment recites that evidence was introduced, we must presume sufficient evidence was introduced to support the judgment. *Roye v. Silver Dollar Financing, Inc.*, 432 S.W.2d 123, 125 (Tex. Civ.App.—Fort Worth 1968, no writ). Absent direct proof to the contrary, recitations in a judgment are presumed true *and control the rest of the record. Allen v. Bolton*, 416 S.W.2d 906, 911 (Tex.Civ.App. —Corpus Christi 1967, no writ). *See also Escobar v. State*, 587 S.W.2d 714, 716 (Tex. Crim.App.1979); *Gutierrez v. State*, 456 S.W.2d 84, 85 (Tex.Crim.App.1970); *Smith v. State*, 455 S.W.2d 748, 756 (Tex.Crim. App.1970); *Murchison v. Caruth Building Service*, 369 S.W.2d 380, 384 (Tex.Civ.App. —Dallas 1963, writ ref'd n.r.e.).

■ The dissent's position is that proof that the magistrate *did* conduct a hearing is "direct proof" that the trial judge *did not.* We fail to see the logic of that argument. Stated differently, it is not that we are sure that there were two extradition hearings in this cause—we just cannot be sure that there were not.[2] In sum, the presumption was not rebutted.

■ The dissent then implies that the "district court judge used the wrong judgment form." Yet there is not one smidgen of proof that this was a form judgment or that the information contained in the judgment is untrue. It is fundamental that a reviewing court cannot presume a state of evidence exists which supports a ground of error; the record must reveal the error, if any. *Townsend v. Collard*, 575 S.W.2d 422, 424 (Tex.Civ.App.—Fort Worth 1978, no writ).

(Vernon Supp.1984). Because of our holding regarding the verity of the judgment, we decline to consider the validity of the "referral."

2. Inexplicably, the dissent has quoted long passages relating to the magistrate's hearing, which demonstrates only that a hearing occurred—a fact conceded by this majority.

■ If, arguendo, the judgment is in error, there were measures available to correct the error. Appellant could require that the record "speak the truth," TEX. CODE CRIM.PROC.ANN. art. 40.09(7) (Vernon Supp.1984), *Jones v. State*, 644 S.W.2d 546, 548; or challenge the judgment by bill of exception, TEX.CODE CRIM. PROC.ANN. art. 36.20 (Vernon 1981); or by motion in arrest of judgment, TEX. CODE CRIM.PROC.ANN., ch. 41 (Vernon Supp.1984 and Vernon 1979); or by a request for a judgment *nunc pro tunc.* TEX.CODE CRIM.PROC.ANN. art. 42.06 (Vernon 1979); *Perkins v. State*, 505 S.W.2d 563 (Tex.Crim.App.1974). Consequently, we accept the record as we find it.

■ Finally, appellant complains that the evidence is insufficient because the record does not contain "a complaint, affidavit, information or indictment." We disagree. TEX.CODE CRIM.PROC.ANN. art. 51.13 § 3 (Vernon 1979)[3] lists certain documents, which include the charging instrument or affidavit and warrant, to be sent by the requesting state before the Governor's Warrant may issue. The Governor's Warrant alone, if regular on its face, becomes prima facie evidence authorizing extradition. *Ex Parte Trisler*, 605 S.W.2d 619, 620 (Tex.Crim.App.1980); *Ex Parte Elliott*, 542 S.W.2d 863, 864 (Tex. Crim.App.1976); *Ex Parte Rosenthal*, 515 S.W.2d 114, 116 (Tex.Crim.App.1974). This record contains a Governor's Warrant that is regular on its face, and no defensive theory has been placed in issue. *See Trisler*, 605 S.W.2d at 620; *Ex Parte Moore*, 318 S.W.2d 667 (Tex.Crim.App.1958).

Consequently, we presume Judge Chapman heard the evidence and that the evidence was sufficient. Accordingly, we affirm.

Affirmed.

3. Appellant mistakenly cites TEX.CODE CRIM. PROC. art. 51.13 § 23(3) (Vernon 1979), to support this ground of error. Section 23 prescribes the documents to be forwarded when Texas is the demanding state.

AKIN, STOREY, SHUMPERT, ROWE, GUILLOT and STEWART, JJ., join in the majority.

GUITTARD, C.J., concurs in the result of the majority.

WHITHAM, CARVER, STEPHENS, VANCE and ALLEN, JJ., dissenting.

WHITHAM, Justice, dissenting.

I respectfully dissent. I understand the rule to be that absent a showing to the contrary in the record, we will presume the regularity of the proceedings. *Schneider v. State*, 594 S.W.2d 415, 418 (Tex.Crim. App.1980). In my view, there is a showing to the contrary in the record in the present case. Therefore, appellant has met his burden to overcome the presumption that the judgment is correct. Consequently, I cannot presume, as does the majority, that the district court judge conducted a hearing on the application for writ of habeas corpus from beginning to end. To my mind, the majority ignores the record. Accordingly, I would sustain appellant's first ground of error in which appellant contends that the writ of habeas corpus was heard improperly by the magistrate since no referral to the magistrate was made.

The record contains only one court reporter's transcript of the proceedings below. That transcript begins with these words:

BE IT REMEMBERED, TO–WIT: That on the 14th day of March, A.D., 1984, the above styled and numbered cause came on for hearing before HONORABLE CHARLES McCLURE, Magistrate, Sitting for HONORABLE RON CHAPMAN, Judge of the Criminal District Court of Dallas County, Texas, and that the following is a true and accurate transcript of the proceedings had:

The court reporter's transcript ends with this certificate of the Honorable Ron Chapman, Judge of the Criminal District Court of Dallas County, Texas:

The above and foregoing transcript as certified by the Acting Official Court Reporter, having been presented to me, has been examined and is approved as a true

and correct copy of the proceedings as represented in the above entitled and numbered cause.

/s/ Ron Chapman
Judge

The only entry on the docket sheet reads:
DATE OF ORDER

3/14/84 Petition for Writ of Habeas Corpus denied. Barry Sorrells, attorney for Defendant, gave notice of appeal in open court. Appeal bail set at $1,500.00

/s/ Charles McClure
Magistrate

Thus, the docket sheet suggests that the district court judge never conducted a hearing in this matter, never heard the application, and never heard testimony. Furthermore, the district court judge's own certificate establishes that this proceeding was held before a magistrate. Since the transcript of proceedings and docket sheet show that the March 14, 1984, hearing was held before a magistrate, not the district court judge, the presumption that the district court judge heard the application and testimony stands rebutted.

By its blind acceptance of the recitals in the judgment, the majority would have us believe that two hearings were held in this proceeding, both being held on March 14, 1984; the first hearing being before the magistrate and the second before the district court judge. In my view, the district court judge used the wrong judgment form in a case heard by a magistrate. I am unwilling to ignore reality and treat that form as sacrosanct as does the majority. In this connection, I note the comments of the Court of Criminal Appeals in *Kelley v. State*, 676 S.W.2d 104, 108 n. 5 (Tex.Crim. App.1984), pertaining to the use of inappropriate judgment forms in cases heard by a magistrate:

The form motions, orders, and judgment which were used in this case have created confusion. We caution the bench and bar if they are to continue to use these forms, as economy will probably dictate, that they pay attention to what is

included therein. We also note that Art. 1918c, Sec. 7, clearly requires that the magistrate transmit all the papers relating to the case to the district judge for action. To avoid confusion in the future, it would be advisable for Dallas County to develop a clear mechanism for doing so and for noting the recommendations and findings of the magistrate along with the referring court's specific adoption or revision of same.

That language suggests to me that the Court of Criminal Appeals recognizes that the district court judge is signing his name to the wrong form in adopting recommendations and findings of a magistrate. Regretably, the majority looks at form over reality.

Moreover, I understand one of the purposes of TEX.REV.CIV.STAT.ANN. art. 1918c (Vernon Supp.1984) was to reduce the need to create additional district courts in Dallas County and thus ease the taxpayers' burden. I am disappointed to learn from the majority that no savings result— indeed the taxpayers' burden increases— because the magistrate's work is being duplicated by the district court judge.

I turn now to consider the record in the present case following the State's motion for rehearing. At the time of the original panel decision, the record in the present case established that the hearing on the writ was conducted by a magistrate, not the district judge. Article 1918c, section 4(c) provides that "[t]o refer a case to a magistrate, the judge shall issue an order of referral specifying the duties of the magistrate." At the time of the original panel decision, the record contained no such order of referral. Consequently, the panel decision held that the magistrate had no power to act and reversed and remanded. Following its motion for rehearing, the State moved the court to allow the record be supplemented to contain an order of referral which had come to the State's attention described by the State as "an omnibus order covering a broad range of cases thereafter to be filed, a range of cases including this extradition." Appellant's

counsel responded that he had "no objection to supplementation of the record." We granted the State's motion. Therefore, on motion for rehearing the record contains an instrument asserted by the State to be an "order of referral" as required by article 1918(c), section 4(c). Consequently, we must examine the tendered order in order to determine if it meets the requirements of article 1918c, section 4(c). Thus, the question remains, as it was before the original panel, does the record contain an order of referral to a magistrate as required by article 1918c. In my view, the record does not.

Comparison of the tendered order with the order of referral before this court and the Court of Criminal Appeals in *Kelley v. State*, 669 S.W.2d 329 (Tex.App.—Dallas 1983), *rev'd*, 676 S.W.2d 104 (Tex.Crim.App. 1984), confirms that we have before us in the present case the same order of referral before both courts in *Kelley*. *See* Appendix "A" to my concurring opinion in *Kelley*, 669 S.W.2d at 334 for the full text of the order of referral in that case effective October 1, 1981. Appendix "A" to this dissent is the tendered order in the present case effective October 1, 1981. In studying the Court of Criminal Appeals' opinion in *Kelley*, I do not read where in the opinion the court directly or by implication addressed this "omnibus order covering a broad range of cases." Although the majority of the Court of Criminal Appeals in *Kelley*, does not address the issue, the dissenting opinion of Judge Teague does. I agree with the rationale of Judge Teague's dissent in *Kelley*. Accordingly, I would hold in the present case, as would Judge Teague in *Kelley*, "that the 'Order of Referral' did not bestow 'jurisdiction' upon a magistrate pursuant to art. 1918c." I would reach this holding by my reading of article 1918c, section 4(c). I repeat the applicable language of that statute: "[T]o refer a case to a magistrate, the judge shall issue an order of referral specifying the duties of the magistrate." To my mind, the tendered order does not meet the statute's requirements for four reasons.

First, the tendered order is a general order of referral effective October 1, 1981. The application for writ of habeas corpus in the present case was not filed until February 8, 1984. Therefore, the order can have no application to a "case" not then in existence. To my mind, the statute requires that the district court judge have before him an existing "case" in which, upon due judicial consideration, he makes an actual, separate and specific determination to refer to a magistrate and evidences that determination by an appropriate order filed in that particular proceeding.

Second, the tendered order was not part of the record in the present case on March 14, 1984. Rather, the tendered order appeared only in the minutes of the district court as a general order. The supplemental transcript contains a district clerk's certificate to the tendered order which tells us as much:

CLERK'S CERTIFICATE

THE STATE OF TEXAS
COUNTY OF DALLAS

I, BILL LONG, CLERK OF THE DISTRICT COURTS WITHIN AND FOR THE STATE AND COUNTY AFORESAID, DO HEREBY CERTIFY THAT THE ABOVE AND FOREGOING IS A TRUE AND CORRECT COPY OF *Order of Referral (Vol 145, Page 99)* AS THE SAME APPEARS ON FILE IN MY OFFICE IN CAUSE NO. _____ ENTITLED THE STATE OF TEXAS VS. _____.

GIVEN UNDER MY HAND AND SEAL OF OFFICE IN DALLAS COUNTY, TEXAS, THIS 25th DAY OF June, 1984

    BILL LONG
    DISTRICT CLERK
    DALLAS COUNTY, TEXAS
    BY (s) Shannon Taylor
    DEPUTY

This was the same district clerk's certificate attached to the form of order of referral presented to this court in the State's motion to supplement the record. Note the blank spaces left in that part of the district clerk's certificate reading "as the same appears on file in my office in cause no. _____ entitled the State of Texas vs. _____." Those blank spaces tell me that the tendered order was not filed in the proceedings below on or before March 14, 1984. Indeed, the tendered order in the supplemental transcript confirms as much. The tendered order in the supplemental transcript bears no file mark or any other notation by the district clerk to establish that the tendered order was ever filed in the proceedings below. The supplemental transcript, however, does contain on its last page the following additional district clerk's certificate:

CLERK'S CERTIFICATION

THE STATE OF TEXAS
COUNTY OF DALLAS

I, BILL LONG, CLERK of the District Courts within and for the State and County aforesaid, do hereby certify that the Supplemental record on appeal to the Court of Appeals for the Fifth Supreme Judicial District of Texas, Dallas, Texas, in Cause No. X–84–48–H styled: KENNETH WAYNE STACEY, Appellant, VS. THE STATE OF TEXAS, as shown in Volume 1 Pages 1–10 inclusive, to which this certification is attached thereto and made a part thereof, contains a true and correct transcript of all the matters and proceedings had and done in said cause.

GIVEN UNDER MY HAND AND SEAL OF OFFICE IN DALLAS COUNTY, TEXAS, THIS 27th DAY OF September, 1984.

    BILL LONG
    CLERK OF THE
    DISTRICT COURTS
    DALLAS COUNTY, TEXAS
    By: (s) Roxcine Roberts
    Deputy

This latter certificate tells me that after this court granted leave to supplement the record, an effort is being made to present the tendered order as a part of the record in the trial court on or before March 14,

1984. To my mind, the first of the above quoted certificates of the district clerk negates this effort and correctly reflects the correct record in the trial court, *i.e.*, there was no order of referral made and filed in the present case on or before March 14, 1984. Moreover, that the tendered order was not in the record on or before March 14, 1984, is confirmed by the district clerk's certificate to the original transcript filed in this court:

### CLERK'S CERTIFICATION

THE STATE OF TEXAS
COUNTY OF DALLAS

I, BILL LONG, CLERK of the District Courts within and for the State and County aforesaid, do hereby certify that the record on the APPLICATION FOR WRIT OF HABEAS CORPUS to the Court of Criminal Appeals of Texas, Austin, Texas, in Writ No. X–84–48–H styled: EX PARTE: KENNETH WAYNE STACEY, Applicant, VS. THE STATE OF TEXAS, as shown in Volume 1, Pages 1–9 inclusive, to which this certification is attached thereto and made a part thereof, contains a true and correct transcript of all the matters and proceedings had and done in said cause.

GIVEN UNDER MY HAND AND SEAL OF OFFICE IN DALLAS COUNTY, TEXAS THIS 5th DAY OF April, 1984.

> BILL LONG
> CLERK OF THE
> DISTRICT COURTS
> DALLAS COUNTY, TEXAS
> By: (s) Roxcine Roberts
> Deputy

It is undisputed that the tendered order was not included in the original transcript certified to contain "a true and correct transcript of all the matters and proceedings had and done in said cause." Furthermore, the district clerk's certificate to the original transcript filed in this court reflects that the trial court's record was shown in volume one, pages one through *nine*. I note that upon supplementation of the record in this court the trial court's

record is shown in volume one, pages one through *ten*. Thus, the record in the trial court has been enlarged since the original panel decision in this court. The conclusion is inescapable. There was no order of referral in the record in the present case on March 14, 1984,—the date the matter was heard by the "Honorable Charles McClure, Magistrate." Therefore, the record establishes on its face that the present case was never properly referred to a magistrate. I cannot agree that an order recorded in volume 145, page 99 of the district court's minutes meets the requirements of article 1918c, section 4(c).

Third, there has been no referral in the present case to an identifable person as "magistrate." Article 1918c, section 4(a) provides that "[t]he judge of a court *having a magistrate* appointed as provided by this Act may refer *to the magistrate* any criminal case for proceedings involving: ...." (emphasis added). In my view, the statute requires that the referral of each criminal case be to a *named* individual magistrate. To the contrary, the tendered order directs "that all cases which have been indicted, or have had such indictment duly waived by the defendant, and assigned to this Court are hereby referred to the *Magistrate's Court of Dallas County, Texas* pursuant to article 1918c for the following proceedings: ...." (emphasis added). There is, however, no such thing as "the Magistrate's Court of Dallas County, Texas." As stated by the Court of Criminal Appeals in *Kelley*, at 107:

> The Court of Appeals found that, contrary to the appellant's claim, Art. 1918c did not create "courts" with independent jurisdiction, but simply authorized a procedure whereby magistrates, acting as surrogates and not judges, are appointed to assist the district court judges in certain limited matters. We agree with the Court of Appeals on this issue.

Moreover, the amendment to TEX.CODE CRIM.PROC.ANN. art. 4.01 (Vernon Supp. 1984), effective August 29, 1983, cannot be said to create "the Magistrate's Court of

Dallas County, Texas." The amended article 4.01 now provides:

> *The following courts* have jurisdiction in criminal actions:
>
> 1. The Court of Criminal Appeals;
> 2. Courts of appeals;
> 3. The district courts;
> 4. The criminal district courts;
> 5. *The magistrates* appointed by the judges of the district courts of Dallas County that give preference to criminal cases and the judges of the criminal district courts of Dallas County as set out in Chapter 678, Acts of the 67th Legislature, Regular Session, 1981 (Article 1918c, Vernon's Texas Civil Statutes);
> 6. The county courts;
> 7. All county courts at law with criminal jurisdiction;
> 8. County criminal courts;
> 9. Justice courts; and
> 10. Municipal courts. (emphasis added).

In my view, article 4.01 would be unconstitutional if interpreted to create "the Magistrate's Court of Dallas County, Texas." I reach this conclusion in light of the provisions of TEX. CONST. art. V, § 1 providing:

> The judicial power of this State shall be vested in one Supreme Court, in one Court of Criminal Appeals, in Courts of Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law.
>
> *The Legislature* may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto. (emphasis added).

Thus, it is for the legislature to establish courts; not "the judges of the district courts of Dallas County that give preference to criminal cases and the judges of the criminal district courts of Dallas County." Therefore, I cannot agree that the Constitution of Texas permits district court judges to create a "Magistrate's Court" and appoint the judges of that court. Consequently, the non-existing "Magistrate's Court of Dallas County, Texas" had no power to act in the present case. It follows, and I would so hold, that the present case was never referred to a magistrate by the district court judge because the tendered order does not refer the case to a named individual person as magistrate and because the Magistrate's Court of Dallas County, Texas, does not exist.

Fourth, the present case is an application for habeas corpus in an extradition proceeding.[1] Note the "cases" referred to the Magistrate's Court in the tendered order, to wit: "all cases which have been indicted, or have had such indictment duly waived by the defendant, and assigned to this court." These are the only "cases" referred to the Magistrate's Court. I read the tendered order to refer to "cases" arising out of offenses committed in Dallas County, Texas; not to offenses committed in a sister state. The present case does not arise out of an offense committed in Dallas County, Texas, for which an accused is subject to indictment by a Dallas County grand jury to be "assigned to this court," that is, the Criminal District Court of Dallas County. I cannot find in the tendered order any reference to the Magistrate's Court of hearings on writs of habeas corpus in extradition proceedings. Therefore, the tendered order does not cover or include the present case.

In conclusion, I cannot accept the fantasy hearing held before the district court judge conceived by the majority and erroneously based upon a presumption that stands rebutted. That presumed hearing

---

1. Constitutional questions aside, referral to a magistrate would not be impermissible under article 1918c, section 4(b), which provides that "[i]n no event may a judge refer to a magistrate a criminal case permitting the magistrate to preside over a trial on the merits, either with or without a jury." An application for writ of habeas corpus in an extradition proceeding does not constitute a trial on the merits. *Ex parte Scarbrough*, 604 S.W.2d 170, 172–73 (Tex.Crim. App.1980).

did not take place. The record tells us it did not. The State's efforts to attempt to place the tendered order into the record in the proceeding below and then in the supplemental record before this court tells us that it did not. The record in the present case establishes that the hearing on the writ was conducted by a person referred to as a "magistrate" and not the district court judge. The record contains no proper order of referral to a magistrate in the present case. Consequently, the person referred to as a "magistrate" in the record had no power to act in the present case. The presumption rebutted, the record reflects that no hearing on the writ was conducted by the district court judge. Consequently, the application for the writ of habeas corpus was improperly denied. Accordingly, for the reasons stated, I would sustain appellant's first ground of error and reverse and remand.

ALLEN, CARVER, STEPHENS and VANCE, JJ., join in the dissenting opinion.

APPENDIX A

IN RE:

REFERRAL TO
MAGISTRATE'S COURT

In the Criminal Court # 1

Dallas County, Texas
ORDER OF REFERRAL

IT IS HEREBY ORDERED that all cases which have been indicted, or have had such indictment duly waived by the defendant, and assigned to this Court are hereby referred to the Magistrate's Court of Dallas County, Texas pursuant to Art. 1918c V.A.C.S., for the following proceedings:

(1) negotiated pleas of guilty before the Court, and the Magistrate shall exercise all of the powers enumerated in Art. 1918c V.A.C.S. as may be deemed necessary and proper by such Magistrate, and in addition, the Court deems that it is necessary and proper for the efficient performance of the duties herein required that such Magistrate be, and is hereby, authorized to:

(a) render a judgment in such plea;

(b) sentence the defendant;

(c) provide for such conditions of probation, including restitution, as may be deemed appropriate by the Magistrate, if applicable;

(d) approve such waivers or documents as might be appropriate; and

(e) sign on behalf of the Court and cause to be delivered to defendant the Condition of Probation, if applicable.

(2) Agreed probation revocations, and the Magistrate shall exercise all of the powers enumerated in 1918c V.A.C.S. as may be deemed necessary and proper by such Magistrate, and in addition, the Court deems that it is necessary and proper for the efficient performance of the duties herein required that such Magistrate be, and is hereby, authorized to:

(a) make a finding as to whether such probation is revoked;

(b) authorize bonds if such hearing is continued;

(c) change the conditions of probation;

(d) reduce the sentence of the defendant pursuant to an agreement;

(e) sentence the defendant;

(f) approve such waivers or documents as might be appropriate; and

(g) sign on behalf of the Court the Order ⸱Revoking Probation.

(3) Such other hearings and matters as may be determined by the Court and not prohibited by law, including, but not limited to, hearings on bond forfeitures.

(4) The Court may, under this general order of referral, execute, by original or facsimile signature, additional Orders of Referral to said Magistrate's Court as to specific causes and directing that said Magistrate's Court report only on specific issues, do particular acts, or receive and report on evidence only.

(5) Each Magistrate is hereby empowered, in my place and stead, to take acknowledgments and file said documents as

are required to be filed by the District Clerk of Dallas County, Texas, as may be necessary to accomplish the purposes hereinabove set forth.

Notwithstanding the foregoing, the Court shall maintain control and authority over all causes covered by this Order unless and until the same is delivered to the Magistrate's Court for action by said Magistrate's Court.

IT IS FURTHER ORDERED that this Order shall be and hereby is effective October 1, 1981.

s/ Ron Chapman
JUDGE

